UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LELAND R. JOHNSON,

    Plaintiff,

    v.                                             CASE NO.  8:17-cv-1384-T-23MAP

KEVIN BROOKS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Given the *pro se* Plaintiff's conclusory and confusing allegations, the Court denied without prejudice the Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed him to amend his complaint.  The Plaintiff has now filed an amended complaint (doc. 6).  Upon consideration, I recommend the Plaintiff's motion to proceed *in forma pauperis* be DENIED and the amended complaint be dismissed for the reasons set forth below.

*Legal standard*

As explained in my previous order, under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  The Court is also obligated to review the case and to dismiss it if the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id.*

Although the Court will hold *pro se* pleadings to a less stringent standard and construe the complaint more liberally, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

*Discussion*

While it is evident that the Plaintiff has attempted to cure the defects of his original complaint, his amended complaint is still conclusory and confusing, and fails to state a valid cause of action for violation of his civil rights. Plaintiff's amended complaint seeks $12.5 million from a cook at the Golden Corral named Kevin Brooks; the Polk County Sheriff Department; the Florida Attorney General, Pam Bondi; and the Lakeland Police Department. Plaintiff seems to assert that these Defendants conspired together to steal his identity for a period of twenty-five years. The Plaintiff alleges that Defendant Brooks used "my utility bill to become me," and that all of the Defendants together are "equal responsible" for "dishonoring me." *See* doc. 6, pp.3-4.

Specifically, as to Defendant Kevin Brooks, the Plaintiff alleges:

> defendant 1 used the U.S. Mail to commit this crime. All other aware of this. the defendant used my utility bill to become me. Under 28 U.S.C. - Civil right violation

doc. 6, p.3.

As to all of the Defendants, Plaintiff alleges:

> All defendants are equal responsible for this action. Kevin Brooks

2

> defendant 1 Mother work for the sheriff dept. so the defendat was known by the agency. The state distroyed Public Record on this matter. I have enough evidence to show malice in this case. The incident happen in 3/19/1994- I found out in 12-19-2012

doc. 6, p.4.

Plaintiff further alleges:

> When I the Plaintiff found out from my witness that I was a felon for Robbery I almost died. the Conspiracy against me is Evidence. Someone did not uphold the Law here from the top to the Bottom.

doc. 6, p.5.

As a result of the Defendants' alleged acts, the Plaintiff demands 12.5 million for mental anguish, emotional stress, loss of employment, and loss of credit (doc. 6, p.4).

Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of this section "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). Thus, § 1983 does not create new substantive rights, but only provides a vehicle for vindicating federal rights elsewhere conferred. Neither the complaint nor the attached single page set forth factual allegations identifying what federal right(s) were allegedly violated as required by § 1983. Plaintiff claims the Defendants used the U.S. Mail and his utility bill to assume his identity and dishonor him. These allegations, however, are insufficient to establish a violation of civil rights. Moreover, the amended complaint still lumps together all of the legal theories together

against all of the Defendants in violation of Fed.R.Civ.P. 10(b).

Additionally, Plaintiff's claims are frivolous. A claim is considered frivolous if it "is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation and quotations omitted). While mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, leave to amend is not required by Rule 15 of the Federal Rules of Civil Procedure "where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). Under Florida law, a sheriff's office is not an entity that can be sued under §1983 merely for liability stemming from improper or even unconstitutional acts of its own or for acts of its employees under a theory of respondeat superior. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978). The Plaintiff bears the burden of establishing a causal link between a governmental policy or custom and the injury which is alleged. *Byrd v. Clark*, 783 F.3d 1002, 1008 (11th Cir. 2002) (citing *Monell*); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (heightened pleading standard for supervisory liability).

Here, the Plaintiff states only that Defendant Brooks's mother worked for the Sheriff Department. This unsupported and conclusory allegation is insufficient to state a constitutional claim. The Plaintiff does not identify any policy or custom that led to his Constitutional injury. In other words, the Plaintiff has not pled a causal connection between the his claim of identity theft and the violations of his civil rights. Hence, the civil rights claim against the Sheriff's Office should be dismissed. His claims against Defendants Bondi and the Lakeland Police Department should also be dismissed. Because the amended complaint does not include any allegations whatsoever about these

Defendants, it is unclear what acts or inactions were taken on the part of these Defendants that caused the alleged harm to Plaintiff.

Accordingly, it is

RECOMMENDED:

1. That Plaintiff's request to proceed *in forma pauperis* be DENIED and Plaintiff's amended complaint be DISMISSED.

IT IS SO REPORTED at Tampa, Florida on July 27, 2017.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).